UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,                    **<u>NOTICE OF MOTION</u>**

        -v-                                        Docket No. 21 Cr. 443 (AKH)

LUKA KLASINC,

                  Defendant.

-------------------------------------------------------------X

      **PLEASE TAKE NOTICE** that, upon the accompanying affirmation of Jeffrey

Lichtman, duly sworn to on the 4th Day of February, 2022, the exhibits annexed thereto, and the

memorandum of law submitted herewith, defendant Luka Klasinc will move this Court, before

the Honorable Alvin K. Hellerstein, at the United States Courthouse, Southern District of New

York, 500 Pearl Street, New York, New York 10007, on a date and time to be set, for an Order:

      I.       Suppressing the material recovered from Klasinc's cell phone because his consent

was involuntary, or in the alternative, ordering a voluntariness hearing;

      II.     Requiring the government to provide early notice of its intent to use Rule 404(b)

evidence; and

III.    Requiring that additional discovery pursuant to Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963) be disclosed, and granting the defendant leave to file additional pretrial motions as additional discovery is produced by the government.

Dated:        New York, New York
              February 4, 2022

                                              Respectfully submitted,

                                              **LAW OFFICES OF JEFFREY LICHTMAN**

                                              _____
                                              **JEFFREY LICHTMAN, ESQ. (JL6328)**
                                              11 East 44th Street, Suite 501
                                              New York, NY 10017
                                              Ph: (212) 581-1001
                                              jhl@jeffreylichtman.com

                                              *Counsel for Defendant Luka Klasinc*

**TO:**
        Ashley Nicolas, Esq.
        Assistant United States Attorney
        One St. Andrew's Plaza
        New York, New York 10007

        Clerk of the Court (AKH)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,                    **ATTORNEY AFFIRMATION**

          -v-                            Docket No. 21 Cr. 443 (AKH)

LUKA KLASINC,

                 Defendant.

------------------------------------------------------------X

      **JEFFREY LICHTMAN**, an attorney duly admitted to practice before this Court,

certifies the following under the penalties of perjury, pursuant to 28 U.S.C. § 1746:

      1.      I am the principal attorney for the Law Offices of Jeffrey Lichtman, located at 11

East 44th Street, Suite 501, New York, New York.  I am the attorney for Luka Klasinc, the

defendant in the above-captioned case and am fully familiar with the facts and circumstances

herein.

      2.      I respectfully submit this affirmation in support of the defendant's motions for an

Order: i) to suppress the material recovered from Klasinc's cell phone because his consent was

involuntary, or in the alternative, ordering a voluntariness hearing; ii) requiring the government

to provide early notice of its intent to use Rule 404(b) evidence; and iii) for additional discovery

pursuant to Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963) and granting the defendant leave

to file additional pretrial motions as additional discovery is produced by the government.

      3.      On information and belief, all of the facts necessary for a determination of these

motions are set forth in the accompanying memorandum of law and are incorporated by reference

herein.  In addition, the following exhibits are pertinent and are attached to this Affirmation:

          A:      Video Interview

B:       February 3, 2022 Affidavit of Luka Klasinc.

**WHEREFORE**, for the reasons urged in the memorandum, the defendant's omnibus pretrial motions should be granted in their entirety.

Dated:        New York, New York
              February 4, 2022

_____

**JEFFREY LICHTMAN**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

UNITED STATES OF AMERICA,

     -v-                                      Docket No. 21 Cr. 443 (AKH)

LUKA KLASINC,

               Defendant.

----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT LUKA KLASINC'S PRETRIAL MOTIONS

**LAW OFFICES OF JEFFREY LICHTMAN**
11 East 44th Street, Suite 501
New York, New York 10017
Ph:  (212) 581-1001
jhl@jeffreylichtman.com

*Attorneys for Luka Klasinc*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................................................................ii

PRELIMINARY STATEMENT.......................................................................................1

ARGUMENT.......................................................................................................................2

POINT I:    KLASINC'S CONSENT TO HAVE HIS CELL PHONE SEARCHED WAS INVOLUNTARY AND THE CONTENTS SEIZED WITHIN MUST BE SUPPRESSED.................................................................................................2

POINT II:    THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE RULE 404(B) EVIDENCE SIXTY DAYS BEFORE TRIAL....................................9

POINT III:    KLASINC IS ENTITLED TO PRETRIAL DISCLOSURE OF ANY AND ALL INFORMATION FALLING WITHIN THE PURVIEW OF *BRADY* AND REQUESTS LEAVE TO FILE FURTHER MOTIONS AS ANY SUBSEQUENT GOVERNMENT DISCLOSURES MAY NECESSITATE.................................................................................................10

CONCLUSION...................................................................................................................13

# TABLE OF AUTHORITIES

## Cases

*United States v. Bagley*,
    473 U.S. 667, 682 (1985)........................................................................................11

*United States v. Barry*,
    979 F. Supp. 2d 715, 719 (M.D. La. 2013)...............................................................6

*United States v. Boon San Chong*,
    829 F.2d 1572, 1574 (11th Cir. 1987).......................................................................6

*Brady v. Maryland*,
    373 U.S. 83 (1963)...............................................................................................1, 11

*United States v. Bronson*,
    No. 05 Cr. 714 (NGG), 2007 WL 2455138, at * 1 (E.D.N.Y. Aug. 23, 2007)......................10

*Bumper v. North Carolina*,
    391 U.S. 543, 548 (1968).........................................................................................4

*California v. Prysock*,
    453 U.S. 355, 360–61 (1981)....................................................................................5

*In re United States v. Coppa*,
    267 F.3d 132, 139 (2d Cir. 2001).............................................................................11

*Cf. United States v. Cortez*,
    935 F.2d 135 (8th Cir. 1991)....................................................................................9

*United States v. Crozzoli*,
    698 F.Supp. 430 (E.D.N.Y. 1988)...........................................................................12

*United States v. Deutsch*,
    373 F. Supp. 289, 290 (S.D.N.Y. 1974)...................................................................11

*United States v. Gavairia*,
    775 F.Supp. 495, 496 (D.R.I. 1991)..........................................................................7

*United States v. Goldman*,
    439 F.Supp. 337 (S.D.N.Y.1977).............................................................................12

*Giglio v. United States*,
    405 U.S. 150 (1972)............................................................................................11

*United States v. Givan*,
    320 F.3d 452, 459 (3d Cir. 2003)..........................................................................5

*United States v. Heredia–Fernandez*,
    756 F.2d 1412, 1415 (9th Cir. 1985)......................................................................6

*United States v. Huraibi*,
    No. 08 Cr. 6087 (CJS), 2009 WL 1449012, at *8 (W.D.N.Y. May 21, 2009)......................6

*United States v. Isiofia*,
    370 F.3d 226, 231 (2d Cir. 2004).........................................................................6, 9

*cf. United States v. Juvenile Male*,
    968 F.Supp.2d 490, 497 (E.D.N.Y. 2013).............................................................8

*Leka v. Portuondo*,
    257 F.3d 89, 101 (2d Cir. 2001)..........................................................................12

*United States v. Lino*,
    No. 00 Cr. 632 (WHP), 2001 WL 8356, at * 22 (S.D.N.Y. Dec. 29, 2000)........................11

*United States v. Moreno*,
    742 F.2d 532 (9th Cir. 1984)..............................................................................7

*United States v. Nachamie*,
    91 F.Supp.2d 565, 577 (S.D.N.Y. 2000)...............................................................10

*United States v. O'Brien*,
    926 F.3d 57, 76 (2d Cir. 2019)............................................................................4

*United States v. Reddy*,
    190 F.Supp.2d 558 (S.D.N.Y. 2002)....................................................................11

*United States v. Reyes*,
    417 F. Supp.2d 257, 260 (S.D.N.Y. 2005)............................................................10

*United States v. Robles-Ramirez*,
    93 F.Supp.2d 762 (W.D.Tex. 2000).....................................................................6

*Schneckloth v. Bustamonte,*
    412 U.S. 218, 219 (1973)...................................................................................................4, 5

*United States v. Spivey,*
    861 F.3d 1207, 1213 (11th Cir. 2017)..............................................................................5

*United States v. Tirado,*
    2018 WL 3432040, *21 (S.D.N.Y. July 16, 2018)............................................................5

*United States v. Vanvliet,*
    542 F.3d 259, 264 (1st Cir. 2008).....................................................................................5

*United States v. Vázquez,*
    724 F.3d 15, 19 (1st Cir. 2013).........................................................................................5

*United States v. Vasquez,*
    638 F.2d 507, 524 (2d Cir. 1980).....................................................................................4

*Cf. United States v. Wilke,*
    689 F.Supp.2d 455, 464 (W.D.N.Y. 2010).....................................................................7, 9

*United States v. Wilson,*
    11 F.3d 346 (2d Cir. 1993)...............................................................................................6

*United States v. Yu–Leung,*
    910 F.2d 33, 41 (2d Cir. 1990).........................................................................................5

*United States v. Zapata-Tamallo,*
    833 F.2d 25, 27 (2d Cir. 1987).......................................................................................6, 8

**Statutes and Rules**

18 U.S.C. § 1344..................................................................................................................1

18 U.S.C. § 1028A................................................................................................................1

Fed. R. Evid. 404(b).......................................................................................................10, 11

## PRELIMINARY STATEMENT

Defendant Luka Klasinc ("Klasinc") is charged in a two-count Indictment with one count of Bank Fraud, in violation of 18 U.S.C. § 1344, and one count of Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A. Specifically, the first charged count alleges that from in or about October 2020 until in or about June 2021, Klasinc wilfully and knowingly executed or attempted to execute a scheme to defraud a financial institution. The second charged count alleges that on or about October 5, 2020, Klasinc did knowingly use, without lawful authority, a means of identification of another person, namely, that he falsified a document purporting to be a letter from the United States Small Business Association, bearing the name and signature of a specific real individual.

This Memorandum of Law is respectfully submitted in support of Klasinc's motions: (i) to suppress the material recovered from Klasinc's cell phone because his consent was involuntary, or in the alternative, ordering a voluntariness hearing; (ii) requiring the government to provide early notice of its intent to use Rule 404(b) evidence; and (iii) for additional discovery pursuant to Rule 16 and *Brady v. Maryland*, 373 U.S. 83 (1963) and granting the defendant leave to file additional pretrial motions as additional discovery is produced by the government.

## ARGUMENT

## POINT I

## KLASINC'S CONSENT TO HAVE HIS DEVICE SEARCHED WAS INVOLUNTARY, AND THE CONTENTS SEIZED WITHIN MUST BE SUPPRESSED

### A.    Factual Background

Following his apprehension on June 7, 2021, Klasinc was handcuffed, transported to an FBI office, and then interviewed by two agents.  This interview began at approximately 2:25 p.m. Klasinc remained handcuffed to the table for the majority of the interview.  When he used to restroom, the agents cuffed Klasinc's hands together in front of his body.  At all times, at least one agent was physically present with Klasinc.

At the outset of the interview, one of the agents read Klasinc his *Miranda* warnings in English and had Klasinc sign a waiver of his rights, also in English.  Klasinc, who remained handcuffed, was then questioned intermittently for approximately two hours, which was recorded on video.  *See* Video Interview, attached as Exhibit A.[1]  Towards the tail end of this interrogation, the following exchange took place:

> SA:    On that note, *we are* going to search your phone.  You can either let us do it, or we can go through the Court and the Court will allow us to do it hopefully.  Do you want to consent for us to search it, it will happen a lot quicker.
> LK:    *Pardon me?*
> SA:    Consent.  Do you want to give us consent to search your phone?
> LK:    [*Nodding head sideways and putting hands up*].
> LK:    I mean yeah but the other avenue is just asking, when is the time ... when is the time ... it would be a smart thing for me to actually at least have some calls to see who can help me out and support me and *help me out with*

---

[1] A copy of the interview is appended to the hard copy of this motion.

2

> *communication.*
>
> SA:   Yeah we will do that.  Do you have phone numbers or do
>       we need to look them up in your phone?
>
> LK:   Uh.
>
> ***
>
> SA:   *This is just more paperwork that we like to fill out.*  And
>       just to be clear, you are not going to get your phone back
>       until we review it either by your consent or hopefully the
>       Court grants us a search warrant.  It goes a bit quicker
>       with your consent.  Are you okay with us reviewing it?
>
> LK:   Yeah.
>
> ***
>
> SA:   So where we are at – we are pretty much just going to
>       dump your phone and review it.  Sounds like you are okay
>       with us doing that.

(emphasis supplied).

On the heels of this exchange, the agent then had Klasinc read to himself the consent waiver, which was also in English, and asked Klasinc if he "agreed" with it, to which Klasinc responded, "Yeah."  As the agents then continued to guide Klasinc through his phone settings in order to unlock the device, Klasinc stated, "first of all, can I get an answer on when I can speak to Ines."  Following another vague response and further attempts to unlock the device, Klasinc repeated his desire to make a phone call.

**B.    Legal Standard**

"It is ... well settled that one of the specifically established exceptions to the requirements of both a warrant and probable cause is a search that is conducted pursuant to consent."  *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973); *see also e.g., United States v. O'Brien*, 926 F.3d 57, 76 (2d Cir. 2019).  To justify a search based on consent, the Government "has the burden of proving that the consent was, in fact, freely and voluntarily given."  *Bumper v. North Carolina*, 391 U.S. 543, 548 (1968); *United States v. Vasquez*, 638 F.2d 507, 524 (2d Cir.

3

1980).

To ascertain whether consent is valid, courts examine the "totality of all the circumstances" to determine whether the consent was "a product of that individual's free and unconstrained choice, *rather than a mere acquiescence in a show of authority*." *Schneckloth*, *supra*, at 227 (emphasis supplied); *see also United States v. Yu–Leung*, 910 F.2d 33, 41 (2d Cir. 1990). Circumstances to be evaluated include the "characteristics of the accused and the details of the interrogation ...." *Schneckloth*, *supra*, at 226. Additionally, when considering voluntariness, courts are to look at "the age, education, and intelligence of the subject, whether the subject was advised of his or her constitutional rights, the length of the encounter, the repetition or duration of the questioning, and the use of physical punishment." *Id.*; *see also United States v. Givan*, 320 F.3d 452, 459 (3d Cir. 2003) (also relevant is "the setting in which the consent was obtained [and] the parties' verbal and non-verbal actions"). Furthermore, in " determining voluntariness under this fourth amendment test, knowledge of the right to refuse consent is only one factor in the analysis. *Yu–Leung*, *supra*, at 41.

The totality of circumstances review must also take into account, where appropriate, "any evidence that law enforcement officers' fraud, deceit, trickery or misrepresentation prompted defendant's acquiescence to the search." *United States v. Vanvliet*, 542 F.3d 259, 264 (1st Cir. 2008); *see also e.g., United States v. Tirado*, 2018 WL 3432040, *21 (S.D.N.Y. July 16, 2018); *United States v. Spivey*, 861 F.3d 1207, 1213 (11th Cir. 2017) ("Deceit can ... be relevant to voluntariness"); *United States v. Vázquez*, 724 F.3d 15, 19 (1st Cir. 2013) (stating that courts must consider whether law enforcement officers' misrepresentations prompted defendant's consent to the search).

4

Finally, and as it relates specifically to the instant matter, courts have taken into

consideration, and have found consent to be involuntary, where defendants were not "native

English speaker[s] ...." *United States v. Isiofia*, 370 F.3d 226, 231 (2d Cir. 2004); *see also*

*United States v. Wilson*, 11 F.3d 346 (2d Cir. 1993) (defendant's consent deemed involuntary, in

part, due to his "limited working knowledge" of the English language").

As it relates to language barriers generally, *United States v. Robles-Ramirez*, 93

F.Supp.2d 762 (W.D.Tex. 2000), relying on the seminal Supreme Court case of *California v.*

*Prysock*, 453 U.S. 355, 360–61 (1981), summarized neatly that

> [e]ven though the courts tend to recognize that language barriers
> may inhibit a suspect's ability to knowingly and intelligently waive
> his or her *Miranda* rights, or may affect the adequacy of the
> warnings, a waiver may be valid if a suspect's rights *were*
> *explained in his or her native language* and the suspect claimed to
> understand such rights.

*Robles-Ramirez*, *supra*, at 793 (emphasis supplied); *see also United States v. Huraibi*, No. 08 Cr.

6087 (CJS), 2009 WL 1449012, at *8 (W.D.N.Y. May 21, 2009) ("A language barrier is certainly

a factor to consider when determining the validity of a waiver"); *United States v. Juvenile Male*,

968 F.Supp.2d 490, 508 (E.D.N.Y. 2013) ("a language barrier is a factor to consider in

determining the validity of a waiver"); *United States v. Zapata-Tamallo*, 833 F.2d 25, 27 (2d Cir.

1987) (consent voluntary where individual, whose native language was Spanish, was given a

"*Spanish-language consent form*" and agent "*explained [defendant's] rights to her in Spanish*")

(emphasis supplied); *United States v. Heredia–Fernandez*, 756 F.2d 1412, 1415 (9th Cir. 1985)

("One precondition for a voluntary custodial confession is a voluntary waiver of Miranda rights,

and language difficulties may impair the ability of a person in custody to waive these rights in a

free and aware manner"); *United States v. Boon San Chong*, 829 F.2d 1572, 1574 (11th Cir. 1987)

("language barriers may in some instances impair an individual's ability to waive his rights in a

knowing manner"); *United States v. Barry*, 979 F. Supp. 2d 715, 719 (M.D. La. 2013) ("when a

case involves a non-native speaker of the English language, courts consistently hold that a waiver

is valid *when the rights are translated* into the suspect's native tongue") (emphasis supplied);

*United States v. Gavairia*, 775 F.Supp. 495, 496 (D.R.I. 1991) (consent deemed involuntary

where Spanish native was not provided with a Spanish consent form; the "record in the case

reflects too much confusion and too little comprehension for the defendant's consent to have

been voluntarily given"); *United States v. Moreno*, 742 F.2d 532 (9th Cir. 1984) (defendant, a

Colombian citizen, lacked "familiarity with police procedures in this county, his alienage, his

limited ability to speak and understand the English language contributed significantly to the

quantum of coercion" making his consent involuntary).

    **C.**    <u>**Application**</u>

    The totality of the circumstances surrounding Klasinc's consent to have his device

searched counsels in favor of suppression due to involuntariness.  *First*, as it relates to the initial

factors laid out by *Schneckloth*, it must be reiterated that Klasinc is an individual with absolutely

no criminal history; at most, he had once been investigated overseas, which swiftly resulted in a

declined prosecution.  Hence, Klasinc's "lack of familiarity with police procedures in this

country" should contribute favorably to this Court's determination on whether or not his consent

was voluntary.  *Moreno*, *supra*, at 536.

    *Second*, while Klasinc's interrogation itself was not particularly long, spanning the

course of approximately two hours, it must be highlighted that the interrogation itself took place

hours after Klasinc was first apprehended.  *Cf. United States v. Wilke*, 689 F.Supp.2d 455, 464

(W.D.N.Y. 2010) (consent voluntary where, among other factors, defendant was not handcuffed

during his interview and interview took place in the morning, shortly after being apprehended).

Pertaining to Klasinc's "native tongue," his first language is Slovenian.  *See* February 3.

2022 Affidavit of Luka Klasinc, attached as Exhibit B.  While Klasinc began learning the English

language at age twelve, and can now speak and read parts of the English language, he still does

not have a full understanding of the meaning behind each and every word in the English

vocabulary.  *Id.*  And, though Klasinc arguably spoke consistently and fluidly with the agents

during the initial portion of this interrogation, he expressed genuine, instantaneous confusion

when the subject of consent arose.

To be sure, upon the agents' initial inquiry into the topic of consent, Klasinc first

responded with a question: "Pardon me?"  The agent then reiterated that they "wanted" consent

to search his phone, at which point Klasinc provided a non-verbal response by way of a head

shake and putting his hands up.  Then, somewhat confusingly and incomprehensibly, Klasinc

stated that it would be smart for him "at least have some calls, to see who can *help me* out and

support me and *help me with communication*."  (emphasis supplied); *cf. United States v. Juvenile

Male*, 968 F.Supp2d 490, 497 (E.D.N.Y. 2013) (consent voluntary where defendant, whose

native language was Spanish, never asked the questioning agents for the aid of a Spanish

interpreter).  To this end, the agent responded in a vague and non-committal fashion: "Yeah, we

will do that."  At this juncture, Klasinc was unaware that he had the right to refuse consent and

was unaware that he had the absolute right to speak with a lawyer about this specific issue before

providing his consent.  *See* Ex. B.

Shortly after this exchange, Klasinc was asked about unlocking his device, and at some point was handed a consent form, while the agent simultaneously stated that this was "just some more paperwork that we like to fill out." Notably, Klasinc was not read the form in English nor in his native language. *Cf. Zapata-Tamallo*, supra, at 27 (consent voluntary where individual, whose native language was Spanish, was given a "Spanish-language consent form" and agent "explained [defendant's] rights to her in Spanish") (emphasis supplied); *cf. United States v. Wilke*, 689 F.Supp.2d 455, 464 (W.D.N.Y. 2010) (agent, while showing *Miranda* form to defendant, specifically "asked him if he had any problems reading the words, to which the defendant replied no"). In comparison, Klasinc was told to read and execute the form himself, which was entirely in English. Only briefly did the agent summarize a portion of the form as it related to Klasinc's right to refuse consent. *Cf. United States v. Cortez*, 935 F.2d 135 (8th Cir. 1991) ("consent form read and signed by defendant was written in English and in his native language, Spanish").

At the very least, this Court must hold a suppression hearing in order to make a more informed determination as to whether or not Klasinc's consent was voluntarily made. *See e.g., Isiofia, supra*, at 231 (after a hearing, Court observed that defendant had "difficulty speaking and understanding" English, and also observed that the agent "similarly testified ... that he had difficulty understanding some of the defendant's responses to particular questions" during the interrogation).

## POINT II

## THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE RULE 404(b) EVIDENCE SIXTY DAYS BEFORE TRIAL

The charged conduct at issue involves the purported bank fraud and aggravated identity theft summarized above. While Klasinc has no identifiable criminal history in the United States, the government has previously alluded to his potential criminal history overseas, namely, an investigation into a potential business fraud. Yet, that investigation resulted without criminal charges ever being filed. Given the nature of that investigation as it relates to the instant charges, and given the potential for voluminous character and other act evidence, which may dwarf the acts charged in the Indictment in both amount and scope, Klasinc requests disclosure of Fed. R. Evid. 404(b) evidence 60 days before trial so as to permit ample time to have notice – and litigate – its admissibility.

Rule 404(b) of the Federal Rules of Evidence requires the government to provide "reasonable notice" in advance of trial of its intent to use prior crimes and other act evidence. The purpose of the notice provision is "to reduce surprise and promote early resolution" of any challenge to the admissibility of proffered evidence. Fed. R. Evid. 404(b) Advisory Committee's Notes; *see also United States v. Reyes*, 417 F. Supp.2d 257, 260 (S.D.N.Y. 2005) ("the parties' interests and the interests of justice and judicial efficiency will best be served by a schedule that will permit any issues [regarding 404(b) evidence] to be briefed in advance of the final pretrial conference"). "While notice is typically provided no more than two to three weeks before trial, a longer period is appropriate [where there is an] absence of any threat to the safety of prospective witnesses and the ... Rule 404(b) evidence [is important to] this action." *United States v.*

9

*Nachamie*, 91 F.Supp.2d 565, 577 (S.D.N.Y. 2000) (internal citations and quotations omitted).

No such fears exist in this case as there have been no allegations of violence or communication from Klasinc regarding any aspects of his pending criminal trial and the potential witnesses against him.  The government cannot credibly claim that a substantiated threat of intimidation prevents them from providing the information that we seek.

Finally, a survey of decisions from cases within the Second Circuit reflect a wide range of time periods determined to be reasonable for purposes of Rule 404(b) disclosure.  In *United States v. Bronson*, No. 05 Cr. 714 (NGG), 2007 WL 2455138, at * 1 (E.D.N.Y. August 23, 2007), the court found that 30 days was acceptable, while in *United States v. Reddy*, 190 F.Supp.2d 558 (S.D.N.Y. 2002), 45 days was deemed reasonable.  In *United States v. Lino*, No. 00 Cr. 632 (WHP), 2001 WL 8356, at * 22 (S.D.N.Y. Dec. 29, 2000), the court required disclosure of this evidence 60 days prior to trial.

Considering the possibility for voluminous other act evidence concerning allegations potentially concerning Klasinc's contact with law enforcement in other countries, it is respectfully requested that the government provide Rule 404(b) notice 60 days prior to trial to avoid any unfair surprise and to allow an adequate opportunity to litigate their admissibility.

## POINT III

### THE DEFENDANT IS ENTITLED TO PRETRIAL DISCLOSURE OF ANY AND ALL INFORMATION FALLING WITHIN THE PURVIEW OF *BRADY V. MARYLAND*

On July 26, 2021, August 3, 2021, September 17, 2021, October 22, 2021, October 26, 2021, and January 28, 2022, the government provided discovery to defense counsel.  On each cover letter, the government included the "boiler-plate" language that it "understands and will

comply with its continuing obligation to produce exculpatory material as defined by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny." *United States v. Deutsch*, 373 F. Supp. 289, 290 (S.D.N.Y. 1974) (Frankel, J.) (citations and internal quotes omitted).

Pursuant to *Brady*, the Government is obligated to provide favorable evidence to the defense where it is material to guilt or punishment. 373 U.S. at 87; *In re United States v. Coppa*, 267 F.3d 132, 139 (2d Cir. 2001). "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government witness." *Coppa*, 267 F.3d at 139 (*citing Giglio v. United States*, 405 U.S. 150, 154 (1972)).

Evidence is material if there is a reasonable probability that, had the evidence been disclosed to the defense, the outcome of the proceeding would have been different. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *United States v. Bagley*, 473 U.S. 667, 682 (1985). Evidence that is material, as defined by the reasonable probability test set forth in *Bagley*, must be disclosed under *Brady*. *See Coppa*, 267 F.3d at 141.

While *Brady* does not require immediate disclosure of exculpatory evidence and impeachment material upon defendant's request (*Coppa*, 267 F.3d at 146), the Second Circuit has found that the failure to make pretrial disclosure of exculpatory information violates the *Brady* doctrine when it deprives the defense of a reasonable opportunity to investigate the information or otherwise use it effectively. *See generally Leka v. Portuondo*, 257 F.3d 89, 101 (2d Cir. 2001); *United States v. Goldman*, 439 F.Supp. 337 (S.D.N.Y.1977) ("[I]f exculpatory evidence is produced for the first time at trial, the defendant may not have an adequate opportunity to effectively utilize the material, particularly if it points to the existence of other

11

evidence helpful to the defendant.").  As Judge Glasser observed in *United States v. Crozzoli*:, "[t]o permit the prosecution to withhold exculpatory evidence despite a request until such time as the prosecutor chooses to disclose it, is to permit the prosecutor to control, to some extent, the preparation of a defense."  698 F.Supp. 430 (E.D.N.Y. 1988).

Accordingly, on the weight of the aforementioned authority, it is respectfully urged that this Court order full and immediate *Brady* disclosure so as to permit Klasinc a fair opportunity to prepare his defense for trial.

Additionally, as the government has continued to add to the voluminous discovery in this case – with recent productions in November and December – Klasinc seeks leave to file any further motions that additional government disclosure may necessitate.

## **CONCLUSION**

For the reasons stated herein, we respectfully submit that the Court should grant

Klasinc's motions and the requested relief.


Dated:   New York, New York
         February 4, 2022


                                    Respectfully submitted,

                                    **LAW OFFICES OF JEFFREY LICHTMAN**

                                    _____
                                    **JEFFREY LICHTMAN, ESQ. (JL6328)**
                                    11 East 44th Street, Suite 501
                                    New York, NY 10017
                                    Ph:  (212) 581-1001
                                    jhl@jeffreylichtman.com

                                    *Counsel for Defendant Luka Klasinc*


cc:   Clerk of the Court (AKH) (by ECF)

      Ashley Nicolas, Esq. (by ECF)
      Assistant United States Attorney