M3aWklaO

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              21 Cr. 443 (AKH)

5    LUKA KLASINC,

6                   Defendant.
                                              Oral Argument
7    ------------------------------x

8                                             New York, N.Y.
                                              March 10, 2022
9                                             2:30 p.m.

10   Before:

11
                      HON. ALVIN K. HELLERSTEIN,
12
                                              District Judge
13
                              APPEARANCES
14
     DAMIAN WILLIAMS
15        United States Attorney for the
          Southern District of New York
16   BY:  ASHLEY C. NICOLAS
          Assistant United States Attorney
17
     JEFFREY H. LICHTMAN
18        Attorney for Defendant

19

20

21

22

23

24

25

M3aWklaO

1              (Case called).

2              MS. NICOLAS:  Good afternoon, your Honor.  AUSA Ashley

3    Nicolas for the government.

4              THE COURT:  Good afternoon.

5              MR. LICHTMAN:  Jeffrey Lichtman for defendant Klasinc.

6    Good afternoon, your Honor.

7              THE COURT:  Good afternoon, Mr. Lichtman.

8              Good afternoon, Mr. Klasinc.

9              You can all be seated.

10             Mr. Lichtman, this is your motion.

11             MR. LICHTMAN:  Judge, I'm not going to belabor this.

12   I think that it's pretty much laid out in the motions on both

13   sides.  I'll be brief.

14             The issue with regard to the search of the cell

15   phone -- obviously, the standard is objective reasonableness --

16   and as long as the police do not coerce consent, a search

17   conducted on the basis of consent is obviously not

18   unreasonable.

19             A couple of points I want to make before I briefly get

20   into the facts.  This is obviously an examination of the

21   totality of the circumstances to determine whether consent was

22   the product of an individual's free and unconstrained choice

23   rather than a mere acquiescence and a show of authority.

24   Included in the examination in the totality of circumstances is

25   any evidence that law enforcement officers used fraud, deceit,

M3aWklaO

| | |
|---|---|
| 1 | trickery, misrepresentation, in an effort to prompt |
| 2 | acquiescence. |
| 3 | And finally, the other point that's applicable here is |
| 4 | that courts have taken into consideration and have found |
| 5 | consent to be involuntary where defendants were not native |
| 6 | English speakers. |
| 7 | I'll be brief on the facts, but I think that they're |
| 8 | clear, Judge. |
| 9 | A lot of these cases, the searches are upheld and we |
| 10 | sort of, kind of give a wave of the hand to the fact that there |
| 11 | are situations where the officers used deceit or trickery or |
| 12 | tried to sort of bully the defendants into giving consent.  If |
| 13 | you look in our papers -- |
| 14 | THE COURT:  Not in my court. |
| 15 | MR. LICHTMAN:  Thank you. |
| 16 | And I would say this.  There was no physical abuse |
| 17 | here, but the agents said to Mr. Klasinc, who was |
| 18 | understandably terrified -- he's not an American; again, |
| 19 | English is not his first languish:  "We are going to search |
| 20 | your phone.  You can either let us do it, or we can go through |
| 21 | the court.  Do you want to give us consent to search?" |
| 22 | And on the video he's seen nodding sideways, putting |
| 23 | his hands up, and he says, "It would be a smart thing for me to |
| 24 | actually at least have some calls to see who can help me out |
| 25 | and support me and help me with communication." |

M3aWklaO

1          That doesn't stop the agents.  They at some point give

2     him the consent form.  They don't tell him, Look, this is the

3     consent form and you need to sign this in order to give

4     consent.  They say, This is just more paperwork that we like to

5     fill out.

6          That's just dishonest, and it's an effort to minimize

7     the significance of the document in an effort to get him to

8     sign.

9          THE COURT:  But he read the document.

10          MR. LICHTMAN:  I understand that he read it, but

11     again, English is not his first language.  He's already told

12     them that he needed help with communication.

13          THE COURT:  There are no big words in the document.

14     The document is very clear.  He signed it, and he does use

15     English.  He came to build a business in the United States.  He

16     teaches students, teaches them in English.  It's hard to

17     understand why he didn't understand.  He may have been

18     terrified.  He may not have realized his choices, but he

19     understood.

20          MR. LICHTMAN:  I think, Judge, what I would

21     respectfully say is that he understood parts of it.  This was

22     not -- just because he has done some business in America

23     doesn't change the fact that he's not -- this was his first

24     arrest.  There clearly was a language barrier, to some degree,

25     because he mentioned it.

M3aWklaO

```
 1              THE COURT:  You and I would be terrified, right?
 2      There isn't a defendant who is not terrified by being put in a
 3      room and asked to sign an instrument.
 4              MR. LICHTMAN:  We'd be more terrified --
 5              THE COURT:  -- being afraid of the consequences.
 6              MR. LICHTMAN:  We'd be more terrified if it was a
 7      foreign country and it wasn't our first language.
 8              THE COURT:  But he's been here.  He's not a stranger
 9      here.
10              MR. LICHTMAN:  He's not a stranger, and obviously,
11      we're not here with an interpreter.  I get it, Judge.  I'm not
12      here to tell you that this is the motion of a lifetime, but I
13      would just say was there really a need to bully him into saying
14      we are going to search your phone; it will be done faster if
15      you give us consent; you're not going to get the phone back
16      unless you sign this now; you're not going to get it back as
17      fast.
18              They were clearly trying to manipulate him.
19              THE COURT:  But all of that is true.  The government
20      would be entitled to keep the phone until they can ask the
21      Court for permission; they're not going to get it right then
22      and there.  There's no dissemblance.  It is what it is.  He
23      didn't have to give consent.  He gave consent.
24              MR. LICHTMAN:  Well, I would say that them telling him
25      we're going to search your phone regardless -- it's not
```

M3aWklaO

1    necessarily a *fait accompli*, Judge.  They still have to make an

2    application.

3              THE COURT:  They didn't say that.  They didn't say

4    that.  They said either you will give us consent or we have to

5    make an application.  The chance of getting denied on an

6    application is not great given the circumstances.  I don't

7    handle these automatically and say denied.  On both sides of

8    this issue, I've been reversed on the issue, and it doesn't

9    make much difference to me.  I do what my conscience and the

10   law tell me to do, but the objective evaluation of the

11   circumstances here leads to only one conclusion -- that

12   Mr. Klasinc knew what he was doing, he knew when he gave

13   consent, and he gave consent.

14             The motion is denied.

15             MR. LICHTMAN:  Understood, Judge.

16             THE COURT:  What's next?

17             MS. NICOLAS:  Your Honor, I believe at this point the

18   parties are still hopeful we'll be able to reach a pretrial

19   resolution, but I do think the government would at this time

20   ask that a trial date be set for this case.  It has been

21   pending for some time.

22             THE COURT:  Mr. Lichtman.

23             MR. LICHTMAN:  I think that's fair, Judge.  I had

24   spoken to the prosecutor before your Honor came out this

25   afternoon, and we're hopeful --

M3aWk1aO

```
1              THE COURT:  I have down here you're Jason Goldman, and
2    I've been calling you Mr. Lichtman.
3              MR. LICHTMAN:  No.  I'm Lichtman, Judge.
4              THE COURT:  Yes.
5              MR. LICHTMAN:  He wrote the motion.  I'm going to
6    blame that one on him.  If we would have won, Judge, I would
7    have taken full credit.  I didn't expect to, which is why I
8    didn't put a reply in, Judge.
9              THE COURT:  I know you, Mr. Lichtman.
10             MR. LICHTMAN:  Yes, we can continue to use him if
11   things go badly.
12             I expect to meet with the prosecutor in the next
13   couple of weeks to try to hash something out.  I do not expect
14   the case to go to trial.  That being said, I understand that we
15   can't leave these things hanging out forever, and I'm happy to
16   set a trial, perhaps, maybe, in the third quarter, if that's
17   possible.
18             THE COURT:  I don't know if it's possible or not.  We
19   can schedule one more conference --
20             MR. LICHTMAN:  Thank you.
21             THE COURT:  -- a month hence, and if there's no
22   disposition, we'll then set a trial date.
23             THE DEPUTY CLERK:  Thursday, April 7.
24             MR. LICHTMAN:  That's fine for the defense, Judge.
25             THE DEPUTY CLERK:  April 7 at 2:30.
```

M3aWklaO

```
1                    THE COURT:  Motion.

2                    MS. NICOLAS:  Yes, your Honor.

3                    At this time, the government would move to exclude

4       time between today and April 7 to allow the parties to continue

5       to discuss a possible pretrial resolution.

6                    THE COURT:  Without objection?

7                    MR. LICHTMAN:  Without objection, Judge.

8                    THE COURT:  So ordered.

9                    I thank you.  If this doesn't work, we'll set a trial

10      date then.

11                   MS. NICOLAS:  Thank you, your Honor.

12                   MR. LICHTMAN:  Thank you, your Honor.

13                   (Adjourned)

14

15

16

17

18

19

20

21

22

23

24

25
```